NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3149
_____

ISABEL CRISTINA COMPANIONY,
                                    Appellant

v.

MARK MURPHY, In his individual capacity;
MARY COOKE, in her individual capacity;
MAUREEN WHELAN, in her individual capacity;
MIKE DELOY, in his individual capacity;
WENDI CAPLE, in her individual capacity;
JANET DURKEE, in her individual capacity

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(1-14-cv-01054)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 24, 2016
_____

Before: McKEE, *Chief Judge*, FISHER and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: August 11, 2016)

_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

Isabel Cristina Companiony appeals the dismissal of her claim that individuals employed by the Delaware Department of Education ("DOE") and Delaware Department of Correction ("DOC") deprived her of a protected interest in public employment without due process of law. For the following reasons, we will affirm the District Court's orders dismissing her claim and denying her motion for reargument.

## I.  BACKGROUND[1]

At the time relevant to her claim, Companiony was an employee of the DOE working at the Baylor Women's Correctional Institution ("BWCI") as a "teacher/supervisor."[2]  In February and March of 2012, Companiony met with DOC officials and internal affairs investigators regarding certain violations by a teacher under her supervision and regarding Companiony's own practices.  The DOC internal affairs investigators produced a report that asserted several allegations against Companiony; she received a copy of the report on May 15, 2012.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because the District Court addressed Companiony's Complaint on a motion to dismiss, we recount the facts as alleged in her Complaint and draw all reasonable inferences in her favor. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 783 n.1 (3d Cir. 2016).

[2] Pursuant to a memorandum of understanding, a number of DOE employees worked at BWCI in partnership with the DOC to provide educational services to inmates.

On May 21, 2012, Companiony attended a DOC internal affairs meeting with her attorney and denied each allegation against her.[3] All of the Appellees were present or represented at this May 21 meeting.[4] Following this meeting, Companiony was permanently barred from BWCI.[5]

During the week of July 12, 2012, the DOE gave Companiony a Letter of Reprimand resulting from the DOC investigation and a performance improvement plan. She chose to appeal the Letter of Reprimand and agreed to a hearing date of August 24, 2012. Prior to the appeal hearing, on August 17, 2012, Companiony received a "Notice of Intent to Terminate Employment" letter from the DOE. The letter explained that there was "just cause" to terminate her employment "in the form of the [DOC's] decision to not allow you to return to work as a Teacher/Supervisor in any of its facilities." App. 27 ¶ 41.

On August 24, 2012, Companiony attended the appeal hearing regarding her Letter of Reprimand where she refuted the allegations against her and provided evidence

[3] Companiony's attorney was permitted to attend the May 21 meeting but was not permitted to participate in the meeting.

[4] Defendants/Appellees are: Mark Murphy, Secretary of Education for the DOE; Mary L. Cooke, Human Resources Officer for the Office of Human Resources for the DOE; Maureen Whelan, Director of Adult and Prison Education for the DOE; Mike DeLoy, Chief of the Bureau of Prisons of the DOC; Wendi Caple, Warden of BWCI for the DOC; and Janet Durkee, Human Resources and Development Director for the DOC and Acting Commissioner of the DOC during the summer of 2012.

[5] After Companiony was permanently barred from BWCI, she was notified that the DOE would consider transferring her to another correctional institution but only if she was placed on a performance improvement plan. Companiony objected to this requirement.

on her behalf. On August 27, 2012, Companiony and her attorney attended a pre-termination hearing where she again presented evidence on her behalf. On September 4, 2012, she received letters from the DOE upholding her Letter of Reprimand and officially terminating her employment. The employment termination letter stated that her "permanent barring from any DOC facility effectively makes it impossible" for her to fulfill her responsibilities as a teacher/supervisor. App. 29 ¶ 45.

Companiony requested a post-termination hearing, which she attended, with her attorney, on October 2, 2012. There, her request to have the DOC participate in the hearing was denied by the hearing officer. Companiony later "withdrew her request for a further hearing because DOC was not made a party to the hearing process." App. 30 ¶ 49.

On August 15, 2014, Companiony filed this action pursuant to 42 U.S.C. § 1983 against Appellees. Appellees subsequently moved to dismiss her Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The District Court granted Appellees' motion, finding that: (1) having failed to avail herself of the post-termination hearing process, Companiony could not demonstrate a violation of due process with respect to post-termination procedures; and (2) Companiony's allegations about the pre-termination proceeding demonstrated that she was afforded the requisite

due process.[6]  Companiony filed a motion for reargument, which the District Court denied.  This appeal followed.

## II.  ANALYSIS[7]

A procedural due process claim is subject to a two-part inquiry:  (1) "whether the plaintiff has 'a property interest protected by procedural due process,'" and (2) "what procedures constitute 'due process of law.'"  *Schmidt v. Creedon*, 639 F.3d 587, 595 (3d Cir. 2011) (quoting *Gikas v. Wash. Sch. Dist.*, 328 F.3d 731, 737 (3d Cir. 2003)). Assuming for purposes of this appeal that Companiony had a protected property interest in her continued employment by the DOE,[8] due process entitled her to "a pretermination opportunity to respond, coupled with post-termination administrative procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547–48 (1985).

---

[6] In addition to the constitutional due process claim, Companiony's Complaint alleged that Appellees failed to follow DOC and DOE disciplinary procedures contained in the memorandum of understanding.  As the District Court correctly explained when dismissing this claim, violations of DOE and DOC state policies are not, by themselves, cognizable violations subject to § 1983.  Companiony has not challenged this dismissal.

[7] The District Court had jurisdiction pursuant to 29 U.S.C. § 1132 and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a district court's grant of a Rule 12(b)(6) motion to dismiss.  *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 319 n.2 (3d Cir. 2015).  We review a district court's denial of a motion for reargument for abuse of discretion.  *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 199 n.4 (3d Cir. 2006).

[8] The District Court correctly stated that Companiony cannot demonstrate a protected property interest in her position at BWCI—as opposed to her continued employment generally with the DOE—because the BWCI position required security clearance.  *See, e.g.*, *Dep't of the Navy v. Egan*, 484 U.S. 518, 528 (1988) ("It should be obvious that no one has a 'right' to a security clearance."); *Stehney v. Perry*, 101 F.3d 925, 936 (3d Cir. 1996) ("[E]very court of appeals which has addressed the issue has ruled that a person has no constitutionally protected liberty or property interest in a security clearance or a job requiring security clearance.").

## A.    Pre-termination Proceedings

We agree with the District Court that Companiony's allegations demonstrate that she was provided the requisite due process prior to the termination of her employment. At a minimum, pre-termination procedures must give the employee "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546; *accord Schmidt*, 639 F.3d at 596. Here, Companiony was provided each of these three requirements.

Companiony conceded that she was supplied with the DOC internal affairs report containing the allegations against her that formed the basis for her permanent barring from DOC facilities, which, in turn, led to the termination of her employment. Three times Companiony was afforded the opportunity to "present her side of the story": (1) at the May 21, 2012 DOC internal affairs meeting at which Companiony "address[ed] each sentence in the [internal affairs] report" and presented a twenty-six-page response to the report, App. 22 ¶¶ 27–29; (2) at the August 24, 2012 appeal hearing before the DOE at which Companiony provided a seventeen-page response to her Letter of Reprimand that "refuted all allegations against her and provided evidence against the allegations made by" the DOC internal investigator, App. 28–27 ¶ 43; and (3) at the August 27, 2012 pre-termination hearing at which Companiony presented a nineteen-page response to her termination, reviewed documents, and explained her service record and accomplishments, App. 28–29 ¶ 44.

Companiony argues that the pre-termination proceedings were insufficient because she "was never apprised of the factual basis for the conclusory allegations of misconduct

6

against her." An employer's notice and explanation to an employee satisfies due process when it is "of such specificity to allow [the employee] the opportunity to determine what facts, if any, within his knowledge might be presented in mitigation of or in denial of the charges." *Schmidt*, 639 F.3d at 599 (quoting *Gniotek v. City of Phila.*, 808 F.2d 241, 244 (3d Cir. 1986)). Here, Companiony's assertions undermine her argument. The DOC internal affairs report provided sufficient information of the allegations and nature of evidence against Companiony such that she was able to: rebut the allegations with separate twenty-six-, seventeen-, and nineteen-page responses; proffer "a box of documentary evidence" on her behalf, App. 22 ¶ 27; and identify a witness whom Companiony believed could "verify the veracity of the statements made by [Companiony] which sharply disagreed with the 'facts' provided in the [internal affairs] report," App. 28 ¶ 43. Therefore, Companiony's argument with respect to her pre-termination proceeding is unavailing.[9]

## B. Post-Termination Proceedings

We also agree with the District Court that Companiony has failed to avail herself of available post-termination proceedings and therefore cannot sustain a procedural due process claim arising from these proceedings. "In order to state a claim for failure to

---

[9] Companiony also contends that her pre-termination proceedings were insufficient because Appellees participated in bad faith in that they did not ask her questions. This argument is meritless: where, as here, adequate post-deprivation procedures are available, an employee is not entitled to a pre-termination proceeding before a neutral decisionmaker, but only an "informal" hearing where she can present her side of the story. *See Schmidt*, 639 F.3d at 596–97. Companiony offers no legal precedent suggesting that she was entitled to be questioned by Appellees.

7

provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Companiony has conceded that she withdrew from the post-termination hearing process provided by the DOE. App. 30 ¶ 49; *see* Del. Code. Ann. tit. 14, § 121(a)(5) (providing for a post-termination hearing before a neutral decisionmaker for terminated DOE employees). However, "[i]f there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what [s]he wants." *Alvin*, 227 F.3d at 116.

Companiony asserts that the post-termination proceedings were inadequate because the DOC did not participate. A procedure is inadequate "[w]hen access to [that] procedure is absolutely blocked or there is evidence that the procedures are a sham." *Id.* at 118. Companiony has offered no evidence in her Complaint indicating that, absent the DOC's participation, her October 2, 2012 post-termination hearing was a sham and that any further hearing would "not be held in a fair and impartial manner." *See id.* at 119. Rather, her Complaint reveals that she was accompanied by her attorney and that a neutral official from the Office of Management and Budget conducted the hearing, as required by statute. App. 30 ¶ 49. Because Companiony failed to take advantage of available post-termination processes, and has also not shown that such processes were inadequate, she cannot bring a claim for failure to provide procedural due process relating to her post-termination proceedings.

## III. CONCLUSION

For the foregoing reasons, we will affirm the orders of the District Court.[10]

---

[10] After the District Court granted Appellees' motion to dismiss, Companiony filed a motion for reargument, which the District Court denied.  Given our conclusions above—and our agreement with the District Court—reargument in this circumstance is moot and, in any case, not necessary.